IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 24, 2003 Session

**STATE OF TENNESSEE v. LARRY S. REESE**

**Direct Appeal from the Circuit Court for Blount County**
**No. C-13093     D. Kelly Thomas, Jr., Judge**

**No. E2002-02003-CCA-R3-CD**
**November 14, 2003**

NORMA MCGEE OGLE, J., dissenting.

Because I disagree with the majority's conclusion that there was no valid order of protection at the time of the instant offense, I must respectfully dissent. Orders of protection are governed in general by Tennessee Code Annotated sections 36-3-601 through 36-3-324. Initially, an ex parte order of protection is issued, followed by a hearing to determine whether a permanent order should be entered:

> (a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of domestic abuse to the petitioner shall constitute good cause for purposes of this section.
>
> (b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order which has been issued, or shall, if the petitioner has proved the allegation of domestic abuse by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed (1) year unless a further hearing on the continuation of such order is requested by the respondent or the complainant in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year after which time a further hearing must be held for any subsequent one-year period. Any ex parte order of protection shall be in effect until the time of the hearing. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse by a preponderance of the

evidence, the court may, at that time, issue an order of protection for a definite period of time, not to exceed one (1) year.

©) The court shall cause a copy of the petition and notice of the date set for the hearing on such petition, as well as a copy of an ex parte order of protection, to be served upon the respondent at least five (5) days prior to such hearing. Such notice shall advise the respondent that the respondent may be represented by counsel.

Tenn. Code Ann. § 36-3-605. If an order of protection is entered following the hearing, the clerk of the court is to provide copies to the parties and local law enforcement agencies having jurisdiction:

A copy of any order of protection and any subsequent modifications or dismissal shall be issued to the petitioner, the respondent, and the local law enforcement agencies having jurisdiction in the area where the petitioner resides. The court issuing the order of protection or dismissal shall deliver such order or dismissal or a copy thereof to the county sheriff's office or other law enforcement agency that processes orders of protection on a daily basis. If the respondent is a resident of Tennessee, then the officer serving the order of protection shall read the order to the respondent; however, if the respondent is not a resident of Tennessee, then the order of protection shall be served upon the respondent by mail in the manner as set forth in §§ 20-2-215 and 20-2-216. Upon receipt of the copy of the order of protection or dismissal from the issuing court or clerk's office, the local law enforcement agency shall immediately enter such order or dismissal in the Tennessee crime information system and take any necessary action to immediately transmit it to the national crime information center.

Tenn. Code Ann. § 36-3-609.

In the instant case, the record reflects that on February 8, 2000, the sessions court issued an ex parte order of protection. The order, which prohibited "any contact, direct or indirect," with the victim, was served by a sheriff's deputy on February 10, 2000, "[b]y reading and giving a copy to [the defendant]." Although the address provided for the defendant was the Westside Motel in Maryville, he was located at the Salvation Army in Maryville. The order stated that the matter was set for a hearing on February 28 and admonished the defendant that his "failure to appear in court [would] result in judgment being rendered against [him]." On February 28, the sessions court entered an order prohibiting the defendant for one year from "abusing, threatening to abuse . . ., or committing any acts of violence upon" the victim, but allowing social contact so long as the defendant behaved in a "peaceful and sober manner."

-2-

It is uncontested that the defendant failed to appear at the hearing on February 28. It is further uncontested that the defendant was not personally served with the order of protection entered on that date until October 6, 2000. However, although not mentioned by either party, the record reflects that service was attempted during the interim. A certificate of service dated March 6 recites that the defendant was "not to be found in Blount County" and that the order was being returned to the court. A notation by the court clerk indicates that the order was returned unserved and filed with the court on August 21, 2000. The instant offense occurred approximately one month later.

In my view, the inability of the sheriff and the court clerk to effect service upon the defendant before the offense did not render the order of protection invalid. Our statutory scheme contains no time requirements for service of an order of protection issued after a hearing. Additionally, although the statutes prohibit the enforcement of an ex parte protective order that has not been served, see Tenn. Code Ann. § 36-3-611(b), there is no such limitation on enforcement of a permanent protective order. Here, personal service was attempted. However, because the defendant was transient and living in various motels and shelters, he could not be found and service was not completed. Nevertheless, through the ex parte order of protection that was properly served on him, the defendant had knowledge of the proceedings and had knowledge that a judgment would be entered against him should he fail to appear at the hearing on February 28. Accordingly, I conclude that the order of protection issued by the sessions court on February 28 was valid and in effect at the time of the instant offense. I would reverse the judgment of the trial court and remand for entry of a judgment of guilty on the offense of aggravated assault.

_____
NORMA McGEE OGLE, JUDGE